UNITED STATES of America,
Plaintiff-Appellee,

v.

Carl HILLSTROM, Henry Keppel, Loren Stockton, Leonard Stockton, Richard Darrow and Robert Savko, Defendants-Appellants.

No. 75–3248.

United States Court of Appeals,
Fifth Circuit.

June 9, 1976.

Rehearing Denied July 15, 1976.

Richard B. Marx, Richard N. Krinzman, Miami, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Don L. Ferguson, Michael P. Sullivan, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before DYER, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

Defendants were indicted and convicted under 21 U.S.C.A. § 963 on the charge of wilfully conspiring to violate 21 U.S.C.A. § 952(a), which makes illegal the importation of marijuana into the United States. On March 30, 1975, Coast Guard officers and a United States Customs agent arrested the defendants who were aboard the ROYONO, a 62 foot sailboat of United States ownership and registry, which was then located in the Windward Passage between Cuba and Haiti. While on board to conduct a safety and documentation inspection, the officers observed a large number of bags which contained marijuana. Convicted by a jury, the defendants argue on appeal that the following trial court actions constitute error: (1) denial of the motion to suppress the evidence seized aboard the ROYONO; (2) allowing the testimony of Coast Guard First Class Gunner's Mate James H. Sipes; and (3) denial of defendants' motion for acquittal and for acquittal notwithstanding the verdict. We affirm.

In establishing the admissibility of evidence seized under the "plain view" doctrine, the law enforcement officer must be justified in making his initial intrusion, in the course of which he came across incriminating evidence. *Coolidge v. New Hampshire*, 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564, 583 (1971). Here the Coast Guard acted under its statutory authority, 14 U.S.C.A. § 89(a), to make inquiries and seizures upon the high seas to prevent violations of the laws of the United States. *United States v. Odom*, 526 F.2d 339 (5th Cir. 1976). In the course of its documentation inspection it became necessary for the Coast Guard to dislodge several bales of marijuana in order to ascertain the documentation number on the frame. The contraband could not be in plainer view. The

ship was not licensed to carry cargo of any kind. In light of the Coast Guard's responsibility under 14 U.S.C.A. § 89(a) to prevent the violation of United States law, the defendants are entirely unwarranted in their suggestion that prior suspicion of the presence of drugs, or the suggestion by a drug enforcement agency that inspection be made, tainted the validity of the safety and documentation inspection.

■ The Government's failure to inform the defense sooner than three days before trial that Mr. Sipes would testify did not prejudice the rights of the defendants, and the trial court acted within its discretion in admitting Mr. Sipes' testimony. *See United States v. Hancock*, 441 F.2d 1285 (5th Cir.), *cert. denied*, 404 U.S. 833, 92 S.Ct. 81, 30 L.Ed.2d 63, *reh. denied*, 404 U.S. 987, 92 S.Ct. 444, 30 L.Ed.2d 371 (1971).

■ .Reasonable minds could conclude that the evidence is inconsistent with the hypothesis of the accuseds' innocence, *United States v. Ragano*, 520 F.2d 1191 (5th Cir. 1975), and therefore it was not error to deny defendants' motion for a judgment of acquittal.

AFFIRMED.