UNITED STATES of America,
Plaintiff-Appellee,

v.

ONE (1) 43 FOOT SAILING VESSEL "WINDS WILL," LICENSE O.N. 531317/US and equipment, Defendant,

Sun Charters, Inc., Claimant-Appellant.

No. 76–1166
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1976.

Rehearing Denied Oct. 19, 1976.

Mitchell D. Aronson, Miami, Fla., Philip W. Dann, St. Petersburg, Fla., for claimant-appellant.

Robert W. Rust, U. S. Atty., Patricia Jean Kyle, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

While engaged in a surface law enforcement patrol in the Yucatan Channel fifteen or so miles west of Cuba on the night of September 8, 1975, members of the crew of United States Coast Guard Cutter DAUNTLESS boarded a 43 foot sailing vessel, WINDS WILL, running without lights, for a safety inspection. 14 U.S.C.A. § 2 and § 89. Smell and plain view observation led to the discovery of 2,030 pounds of marijuana on board. The United States sought and obtained summary judgment of forfeiture of the vessel. We affirm on the basis of the Memorandum Opinion of District Judge Atkins. In so doing, we specifically hold that 14 U.S.C.A. § 89(a) is constitutional. *See United States v. Rodgers,* 150 U.S. 249, 264, 14 S.Ct. 109, 37 L.Ed. 1071 (1893); *Maul v. United States,* 274 U.S. 501, 511, 47 S.Ct. 735, 71 L.Ed. 1171 (1927). *Cf. United States v. Odom,* 526 F.2d 339 (5th Cir. 1976), and *United States v. Hillstrom,* 533 F.2d 209 (5th Cir. 1976).

AFFIRMED.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.