UNITED STATES of America,
Plaintiff–Appellee,

v.

Lloyd Calvin ROBBINS,
Defendant–Appellant.

No. 79–5203.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1980.

Julian R. Murray, Jr., New Orleans, La., for defendant-appellant.

W. A. Kimbrough, Jr., U. S. Atty., Mobile, Ala., for plaintiff–appellee.

Before GODBOLD, SIMPSON and THOMAS A. CLARK, Circuit Judges.

GODBOLD, Circuit Judge:

In our decision, 623 F.2d 418 (5th Cir. 1980), we reviewed the sufficiency of the evidence under a "miscarriage of justice" standard, on the premise that appellant did not renew his motion for judgment of acquittal made at the conclusion of the government's case. In fact he did renew his motion, and the evidence should have been reviewed under the usual and more stringent standard of whether, viewing the evidence most favorably to the government, reasonable minds could conclude that it is inconsistent with any reasonable hypothesis of the accused's innocence. *U. S. v. Suarez*, 608 F.2d 584, 586 (5th Cir. 1979). We have reviewed the evidence under this standard.

It is sufficient. The motion was properly denied.

■ The vessel involved is a 35–foot sailing vessel owned by appellant and manned by him and his co–defendant. There was adequate evidence that appellant knew that marijuana was on board. Appellant testified as follows. While he was in port at Progreso, Mexico, a fishing village, a man asked him to transport 40 boxes of clothing and linens to the port of Cozumel, Mexico. The man explained that he wished to make the shipment on a U.S. vessel because he hoped to avoid a duty that would be imposed at Cozumel if the boxes were transported there by truck. Appellant was offered $1200, but because of the risk he was unwilling to take this amount, and the price was doubled to $2400. The first arrangement was to deliver the cargo to a reef; appellant would anchor his boat there and wait for a boat to come out from Cozumel and take the boxes. Appellant thought this too risky, so a different arrangement was made under which appellant was to rendezvous with a Cozumel boat in the Gulf 20 miles west of San Antonio, Cuba. Appellant departed Progreso harbor after dusk and went to a dock built out on the beach where he was met by a crew of men. Seven or eight men unloaded boxes from a truck on the dock and loaded them onto appellant's boat.

The vessel departed Mexico November 18 and headed deep into the Gulf of Mexico. It was boarded by the United States Coast Guard on November 24 at a location in the southeast quadrant of the Gulf, 180 miles from Cuba, 220 miles from Mexico, 350 miles south/southeast of Mobile, Alabama, and 250 miles south of Florida. Appellant was at the helm. An officer in the boarding party, unable to find the main beam number, opened a door or hatch to the engine room to look for the number there. When he put his head inside he saw two closed cardboard boxes behind the engine and at that moment detected the smell of marijuana. The officer was unable to make his way to the boxes and then looked in a sleeping compartment adjacent to the engine compartment and there found an identical box. It was opened and found to contain marijuana. The entire boat was searched and boxes containing 696 pounds of marijuana were found.

The evidence was adequate to support an inference that beyond reasonable doubt appellant knew he was transporting marijuana and not linens and clothing. In *U. S. v. Alfrey*, 620 F.2d 551 (5th Cir. 1980), we considered the argument, made in a similar factual context, that the evidence proved no more than the defendant's presence in a place where drugs were discovered. We noted as relevant factors the small size of the vessel (a 70–foot trawler), the size of the crew (three persons), the necessary close relationship between captain and crew, the length of the voyage (Cartegena, Columbia, to Tampa, Florida), the quantity of marijuana (19,094 pounds in bales), and the smell of marijuana in the wheelhouse. The comparable facts in the present case are no less compelling, plus the additional factor that the jury may have regarded appellant's explanation as a transparent and preposterous fabrication.

■ The evidence was also sufficient with respect to intention to bring the marijuana into the United States. The evidence was conflicting as to the vessel's destination. It was cleared from Progresso for Cozumel. Appellant testified that he was bound for a rendezvous off the coast of Cuba. Members of the boarding crew testified that he told them he was bound for Tampa, Florida. Appellant lived near Tampa and the boat was registered in Tampa.

The petition for rehearing is DENIED.