**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clyde P. WILLIS, Jr., Robert H. Love and Christopher R. Pieser, Defendants-Appellants.**

No. 79–5621.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 28, 1981.

Louis B. Merhige, New Orleans, La., Andrew C. Pavlick, Miami, Fla., for defendants-appellants.

John P. Volz, U. S. Atty., Ronald A. Fonseca, Robert J. Boitmann, Asst. U. S.

posed in an illegal manner within the time provided herein for the reduction of sentence.

Attys., New Orleans, La., for plaintiff-appellee.

Before WISDOM, GARZA and REAVLEY, Circuit Judges.

REAVLEY, Circuit Judge:

Following our opinion in *United States v. Willis*, 639 F.2d 1335 (5th Cir. 1981), the United States has submitted a petition for *en banc* consideration of that case, based upon the argument that our holding is inconsistent with this court's earlier holding in *United States v. Alfrey*, 620 F.2d 551 (5th Cir. 1980).

In *Willis*, we held that the evidence introduced by the government was insufficient to sustain the conviction of crew members Love and Pieser for conspiracy to import marijuana into the United States and conspiracy to possess marijuana with intent to distribute. In short, the government simply ignored its burden of introducing *some* evidence that would indicate that the crew members knew their ship was carrying marijuana. 639 F.2d at 1338–39.

The United States argues in this petition that *Alfrey* stands for the principle that a crew member's mere presence aboard a boat carrying a large quantity of marijuana is adequate to sustain a conviction for conspiracy to possess and import. But *Alfrey* should not be read so broadly. In contrast to the trial in *Willis*, the prosecutor in *Alfrey* introduced the following evidence to support the knowledge of the crew members:

1) the boarding party noticed the smell of marijuana aboard the ship before the hatch was opened;

2) several burnt marijuana cigarettes were lying in open view in the wheelhouse and a small quantity of marijuana was lying on a table in the salon;

3) the ship's sailing permit showed that the vessel had been cleared to sail from Colombia with a crew of three men only ten days earlier; and

4) the vessel engaged in highly suspicious activity with another boat for several hours prior to the boarding.

620 F.2d at 553–54. The panel opinion in *Alfrey* recited all of these facts and specifically relied upon the latter two in finding that the evidence supported the conviction of the crew members. *Id.* at 555. *See also United States v. Robbins*, 629 F.2d 1105, 1106 (5th Cir. 1980).

As our original opinion discussed, the government made no similar showing in the trial of Love and Pieser, even though such evidence was available. *Willis*, 639 F.2d at 1338–39. *Alfrey* and *Willis* may easily be distinguished on that basis. There is no conflict between the two holdings.

The Petitions for Rehearing by the United States and appellant Willis are DENIED and, no member of this panel nor Judge of this Administrative Unit in regular active service having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16; Fifth Circuit Judicial Council Resolution of January 14, 1981), the suggestion for Rehearing En Banc is DENIED.