**UNITED STATES of America, Plaintiff,**

v.

**Hugo ANGOLA et al., Defendants.**

**No. 81–109–CR–EPS.**

United States District Court,
S. D. Florida,
Miami Division.

May 12, 1981.

Barry Siegel, Asst. U.S. Atty., Miami, Fla., for plaintiff.

John Lazarus, Joel Kaplan, Paul Korchin, Aurthur Addess, Kate Bonner, Kathy Hamilton, John Balduc, Miami, Fla., Jorge Sibila, Juan Ramirez, Coral Gables, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

SPELLMAN, District Judge.

This cause is before the Court on the defendants' Motions to Dismiss the above-styled indictments and to Suppress defendants' statements and physical evidence seized from the motor vessel Mayo on March 9, 1981. On the motion to suppress, an evidentiary hearing was held, whereupon the Court orally DENIED that motion. Previously, the Court heard argument on the motion to dismiss. In view of the defendants' subsequent decision to change their pleas to guilty, the Court will not here elaborate its order denying the motion to suppress, but will expand on its reasons for denying the motion to dismiss.

The defendants have moved to dismiss the indictment on the grounds that the statute under which the defendants are charged, 21 U.S.C. § 955a(a), is unconstitutional both on its face and as applied to the facts of this case. First, the defendants claim that the statute fails to give sufficient notice of what acts are proscribed, for two reasons: (1) the statute is vague in its use of technical, legal terms which are beyond the comprehension of the common man; and (2) foreign nationals on a stateless vessel cannot be presumed to be on notice that their actions on the high seas, which actions have no intended effect on the United States, could possibly entail a violation of United States laws.

Second, and more broadly, the defendants contend that the assertion of subject-matter jurisdiction over the acts of foreign nationals on the high seas aboard a vessel flying the flag of a country in which the vessel is not registered is unconstitutional where those acts do not have any effect on the United States.

### (A) Notice.

The Court finds with regard to the vagueness argument that the language of the statute is not so abstruse as to absolve the accused of accountability for their actions. Often, lawmakers are required to use complex or technical terms to insure the precise yet not overly narrow application of statutes. 21 U.S.C. § 955a is fairly and intelligently drawn and complies with due process of law in that regard. The term "high seas" is generally understood by seamen. Similarly, it is not difficult to understand that a vessel without nationality as well as a vessel which, because it may fly two flags or fly the flag of a nation in which it is not registered, is assimilated to a vessel without nationality, are "vessels subject to the jurisdiction of the United States on the high seas." These concepts are basically simple or should be so to seamen. Thus, the statute is not void for vagueness.

The defendants also contend that foreign nationals on board vessels without nationality or vessels assimilated to vessels without nationality are not actually on notice nor can they be presumed to be on notice that knowingly possessing marijuana on the high seas with the intent to distribute that drug constitutes a violation of United States law. This argument falls for two reasons. First, the defendants ignore the fact that by statute, Coast Guard regulation, and long-standing tradition, stateless and assimilated vessels are considered "subject to the jurisdiction of the United States" while they are on the high seas. 14 U.S.C. § 89(a). Thus, stateless vessels may be boarded by the Coast Guard on the high seas in the absence of any suspicion of wrongdoing. *United States v. Cortes*, 588 F.2d 106 (5th Cir. 1979). Moreover, the interest of the United States in thwarting drug trafficking is well known to the interested population of the world. While the defendants may have been unaware of the specific statute, 21 U.S.C. § 955a(a), they are presumed to be generally aware of the laws of nations to whose jurisdiction they become subject by travelling on the high seas in a stateless or assimilated vessel.

Thus, the Court finds that if the requirements of subject-matter jurisdiction are satisfied, then the defendants must be presumed to be on notice that their actions may subject them to that jurisdiction.

### (B) Subject-matter jurisdiction.

In *United States v. Pauth-Arzuza*, Case No. 80–577–Cr–CA, the United States District Court for the Southern District of Florida considered the exact issue presented in the case *sub judice*, concluding that the protective principle of jurisdiction confers subject-matter jurisdiction in this Court over violations of § 955a by persons aboard vessels subject to the jurisdiction of the United States while on the high seas. This Court adopts the ruling and opinion in that case. As Chief Judge Atkins stated:

Jurisdiction is supported by the protective principle, however. Unlike the objective theory, the protective principle supports assertion of extra-territorial jurisdiction without a showing of actual effect on the nation. It is enough to show that the activity which the nation seeks to regulate has a potentially adverse effect on the nation. Congress reasonably has concluded the growing drug problem presents such a potentially adverse effect on the nation. To protect the nation's borders from the importation of illegal narcotics, it is necessary to attempt regulation of vessels on the high seas notwithstanding the absence of any objective proof of an intent to import into the United States. At least with respect to stateless vessels, international law offers no obstacle to such regulation. A stateless vessel does not enjoy the protection of international law. "To secure [such] protection ... a vessel must accept the duties imposed by registration." *United States v. Cortes*, 588 F.2d 106, 110 (5th Cir. 1979). *See United States v. Rubies*, 612 F.2d 397, 403 (9th Cir. 1979) ....

The Fifth Circuit has also given some consideration to the protective principle in the drug smuggling context. In *United States v. Baker*, 609 F.2d 134, 138 (5th Cir. 1980), the Court stated in dicta that

assertion of jurisdiction over drug smuggling activities may find support in the protective theory.

 The case at bar involves a stateless or assimilated vessel in close proximity to the United States, just west of the Bahamian island of San Salvador. This vessel, full of marijuana, represented a real, not an imaginary, potential for harm to the effective administration of the United States' customs and narcotics laws. Classically known as a mothership, for the practice of drug smugglers in off-loading marijuana from a large vessel such as the 70-foot Mayo into smaller vessels which distribute the marijuana elsewhere, the Mayo's intended destination is not critically important to a determination of its potential effect on this country. The Mayo's activity had an inherent and necessary effect of threatening the United States with the eventual flow of illicit drugs into this country.

In the present case, although the crew of the Mayo may not have had the specific intent to import marijuana into the United States and although the Mayo itself might never have entered United States territorial waters had it not been for the Coast Guard's seizure of it, those facts do not negate the very great potential that other boats picking up marijuana from the Mayo would have taken that marijuana into this country or to some lower level of distributors who would have or might have imported that marijuana into the United States.

These are real threats to this country, not merely hypothecated, but supported by dozens of cases of detected drug smuggling. The essential purpose of 21 U.S.C. § 955a is the protection of the security and government functions of this nation from the continual flow of illegal drugs into this country. Under the circumstances of this case, the statute is a legitimate and appropriate assertion of extra-territorial jurisdiction. *See United States v. Pizzarusso*, 388 F.2d 8 (2d Cir. 1968).

The Court adds that this was not a case where a stateless vessel was stopped half way around the world in the Gulf of Siam.

The Mayo was seized near the coast of Florida and near Bahamiam islands which often serve as a stopping point for marijuana on its way into the United States. In this case, there is a sufficient nexus between the crime and the United States to justify the assertion of jurisdiction.

For all of the above reasons, the defendants' Motion to Dismiss is hereby DENIED.