**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Russell Lee RIKER, Jr., William David Fotheringham, Defendants-Appellants.**

**No. 81–5185.**

United States Court of Appeals, Eleventh Circuit.

March 15, 1982.

Harvey S. Swickle, Miami Beach, Fla., for defendants-appellants.

Sonia Escobio-O'Donnell, Jon May, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before VANCE, KRAVITCH and CLARK, Circuit Judges.

VANCE, Circuit Judge:

Russell Lee Riker and William David Fotheringham appeal their convictions after bench trial on one count of possession with intent to distribute marijuana while aboard a United States vessel in violation of 21 U.S.C. § 955a.[1] We affirm.

On September 28, 1980 the Coast Guard cutter CAPE GULL spotted the REST-LESS, a twenty-eight foot sloop registered in the United States, approximately twenty miles northwest of Bimini. The REST-LESS was headed toward south Florida at about six knots. Riker and Fotheringham were the only people aboard. After the Coast Guard announced its intention to

---

1. Riker was sentenced to prison for one year and one day and to a special parole term of two years. Fotheringham received an identical sentence.

board, one of the appellants went into the open door of the ship's cabin and shut the door behind him. He later exited, locked the door, and returned to the deck.

The leader of the boarding party, Seaman David Morrison, ascertained that Fotheringham was the owner of the vessel and asked him to produce the vessel's registration and safety equipment. He then asked to see the engine compartment. Fotheringham asked whether this procedure was necessary. After Morrison responded affirmatively, Fotheringham handed him the key to the ship's cabin. Morrison then found fifty-five plastic covered bales, some of which were torn in various places revealing the marijuana that they contained. Fotheringham and Riker were arrested and transferred to the CAPE GULL.

### I.

On appeal, Riker and Fotheringham contend that Congress lacked the power to proscribe and the district court lacked jurisdiction to punish the conduct with which they were charged. According to their theory, the activity aboard the RESTLESS, a ship on the high seas neither originating from nor destined for an American port, affected no interest of the United States. They argue, therefore, that United States law could not reach their actions. *See United States v. McRary*, 665 F.2d 674, 678 (5th Cir. 1982); *United States v. Columba-Colella*, 604 F.2d 356 (5th Cir. 1979).

■ Appellants' argument ignores the fact that the RESTLESS is an American flag vessel. The principle that the law of the flag governs conduct aboard ship is a principle that antedates the Republic. *See United States v. Flores*, 289 U.S. 137, 150–51, 53 S.Ct. 580, 582–83, 77 L.Ed. 1086 (1933); *cf. The S.S. Lotus*, [1927] P.C.I.J., ser. A, No. 10 (law of the flag is a part of customary international law). The United States has power to define and punish criminal offenses aboard ship just as it has power to do so upon American territory. *Lauritzen v. Larsen*, 345 U.S. 571, 585, 73 S.Ct. 921, 929, 97 L.Ed. 1254 (1953); *United States v. Flores*, 289 U.S. at 151–52, 53 S.Ct.

at 583; *United States v. Reagan*, 453 F.2d 165, 170 & n.2 (6th Cir. 1971), *cert. denied*, 406 U.S. 946, 92 S.Ct. 2049, 32 L.Ed.2d 334 (1972). The question, therefore, is not whether the United States has the power to reach appellants' conduct but whether Congress intended to exercise that power in enacting 21 U.S.C. § 955a. *See United States v. Baker*, 609 F.2d 134, 138 (5th Cir. 1980); *United States v. Mitchell*, 553 F.2d 996, 1001 (5th Cir. 1977).

■ The intention of Congress to reach extraterritorial acts of possession aboard American ships fairly shouts from the statute and its legislative history. In defining the substantive offense, the statute singles out "person[s] on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States on the high seas . . . ." 21 U.S.C. § 955a(a). To ensure clarity at the risk of redundancy, Congress further provided that "[t]his section is intended to reach acts of possession, manufacture, or distribution committed outside the territorial jurisdiction of the United States." 21 U.S.C. § 955a(h).

The legislative history of the statute reveals that the primary purpose behind the enactment of section 955a was to close a loophole in the law that has impaired law enforcement efforts since 1970. In that year, Congress inadvertently repealed 21 U.S.C. § 184(a) which prohibited the possession of drugs aboard American ships on the high seas. "The consequences have been that, since 1970, drug traffickers have operated with impunity on the high seas beyond the reach of U. S. law but not U. S. jurisdiction." H.R.Rep.No. 96–323, 96th Cong., 1st Sess. 5 (1980). By enacting section 955a Congress banished any doubt that extraterritorial acts of possession aboard American ships could be punished. *See United States v. Hayes*, 653 F.2d 8, 15–16 (1st Cir. 1981); *United States v. Newball*, 524 F.Supp. 715, 719–20 (E.D.N.Y.1981); *United States v. Green*, No. 80–274–S (D.Mass.Dec. 12, 1980).

### II.

■ Riker alone challenges the sufficiency of the evidence against him. He claims

that the government did not prove that he constructively possessed marijuana, but only proved that he was present aboard a vessel that carried marijuana. It is clear, however, that "more than mere presence has been established in the instant case." *United States v. Alfrey*, 620 F.2d 551, 556 (5th Cir.), *cert. denied*, 449 U.S. 938, 101 S.Ct. 337, 66 L.Ed.2d 160 (1980). Riker was one of two people aboard a twenty-eight foot sloop rig sailboat that was on the high seas, three days from home port, and traveling low in the water. The door to the ship's cabin was open before the Coast Guard approached the vessel, and 2,080 pounds of marijuana stored in the cabin was plainly visible to anyone who entered. Evidence of this character has been found sufficient to sustain convictions for drug related offenses. *See, e.g., United States v. Mazyak*, 650 F.2d 788, 790–91 & n.2 (5th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1281, 71 L.Ed.2d 464 (1982); *United States v. Robbins*, 629 F.2d 1105, 1106 (5th Cir. 1980).

AFFIRMED.