**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clemente JULIO–DIAZ, Nelson Quinines, Donaciano Canate, Alberto Martinez-Campo, Jamie Rueda-Santoyo, Enrique Canate-Tejedor, Fernando Pena-Questa, Edgardo Paternino-Tuinan, Emilsen Diaz-Castillo, Defendants-Appellants.**

No. 81–5368.

United States Court of Appeals,
Eleventh Circuit.

June 17, 1982.

John S. Berk, Ivy A. Cowan, Fort Lauderdale, Fla., for defendants-appellants.

William M. Norris, Asst. U. S. Atty., James G. McAdams, III, Miami, Fla., for plaintiff-appellee.

Before HILL, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

The nine appellants in this case, Clemento Julio-Diaz, *et al.*, seek reversal of their convictions for conspiracy with intent to distribute marijuana, in violation of 21 U.S.C. §§ 955a, c, and for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 955a and 18 U.S.C. § 2, on the grounds that their motions to suppress the contraband seized, to dismiss the indictment and for a judgment of acquittal were improperly denied. After careful review of the record, arguments and applicable law, we find the appellants' challenge meritless.

## I. THE FACTUAL SETTING

On December 19, 1980 at 9:40 p. m., an unlit vessel, the BRANDY, was spotted by Coast Guard officers in international waters, six miles north of Bimini. On approaching the vessel in their Coast Guard cutter, the officers were able to decipher from the writing on the ship's stern, both the name of the vessel—BRANDY—and its home port—Miami, Florida. As the Coast Guard cutter pulled up alongside the BRANDY, Coast Guard Officer William Justice observed what appeared to him as bales of marijuana on the ship's stern. After the vessel stopped pursuant to the officer's request, the members of the Coast Guard party boarded the BRANDY. They found the bales, containing what seemed to be a controlled substance, on the BRANDY's fantail. A subsequently conducted field test revealed that the seized contraband constituted THC, the active ingredient in marijuana. The nine men found aboard the BRANDY, all of whom are Colombian nationals, were immediately arrested and brought back to Miami. They were indicted for conspiracy with intent to distribute and with possession with intent to distribute 6,000 pounds of marijuana. After a non-jury trial, the appellants were each convicted and sentenced to two years' imprisonment and a special parole term for possession with intent to distribute.

## II. THE LEGAL CHALLENGE

### A. Motion for Judgment of Acquittal

Following their adjudication of guilt by the trial judge, the appellants moved for a judgment of acquittal, claiming insufficient evidence to prove that the BRANDY was a vessel of the United States and to sustain their convictions for conspiracy.

Section 955a of Title 21 of the United States Code makes it unlawful "for any person on board a vessel of the United States or on board a vessel subject to the jurisdiction of the United States on the high seas, to knowingly or intentionally . . . possess with intent to . . . distribute a controlled substance." Hence, a material ele-

ment of this provision is that the ship involved be a vessel of the United States. The judge in the case at bar found that the BRANDY was a United States registered vessel. Our reading of the record discloses that ample, indeed overwhelming, evidence exists to support this finding.

At trial, the government introduced official documents establishing that the M/V BRANDY was an American registered vessel from Miami, Florida. This certificate of registry contained a description of the BRANDY. A photograph of the BRANDY which was boarded by the Coast Guard was likewise admitted into evidence. Coast Guard Officer Larry Nuccio testified that he identified the BRANDY, from its picture, as being the same vessel as that which was in U.S. custody and which was described in the certificate of registry as an American flag vessel. As the trial court stated in ruling that the evidence was sufficient as to its being an American vessel,

> ... [T]here is just no question at all that all of the essential elements have been established including the fact that it was a vessel of the United States.

> You not only have the documentation you have the appearance of the vessel itself, the testimony as to its name and home port, et cetera, but the document itself with the supporting evidence presented through the witness clearly establishes that.

R. Vol. II at 79.

Based on the foregoing, we conclude that the evidence sufficed to establish that the ship in question, the BRANDY, was an American flag vessel.

The appellants additionally attack as insufficient the evidence of their conspiracy to possess marijuana with intent to distribute it. It is well established that where crewmen are found aboard a vessel on which the presence of contraband is obvious, their conspiracy is inferable. *United States v. Riker*, 670 F.2d 987, 989 (11th Cir. 1982); *United States v. Mazyak*, 650 F.2d 788, 791 (5th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1281, 70 L.Ed.2d 464 (1982); *United States v. DeWeese*, 632 F.2d 1267, 1273 (5th Cir. 1980); *United States v. Alfrey*, 620 F.2d 551 (5th Cir. 1980).

In the case at bar, Coast Guard Officer Justice spotted what appeared to him to be contraband aboard the BRANDY from his vantage point in an adjacent vessel; located on the fantail, the bales of marijuana were clearly visible to all persons aboard the BRANDY. We hold that the evidence was sufficient to support the appellants' convictions of conspiracy.

B. Motion to Dismiss the Indictment

The appellants claim that the trial judge lacked subject matter jurisdiction of the case against them because the government failed to allege or prove that they intended to or did in fact cause any effect in the United States. This argument is without foundation. In the recent case of *United States v. Riker, supra*, the identical argument was raised and rejected by this court:

> Appellants' argument ignores the fact that the RESTLESS is an American flag vessel. The principle that the law of the flag governs conduct aboard ship is a principle that antedates the Republic ... the United States has power to define and punish criminal offenses aboard ship just as it has power to do so upon American territory ... by enacting section 955a Congress banished any doubt that extraterritorial acts of possession aboard American ships could be punished...

670 F.2d at 988.

Having affirmed, *supra*, the trial court's ruling that the BRANDY was an American flag vessel, we necessarily conclude that the trial court possessed subject matter jurisdiction of the charges against the instant appellants, who were apprehended on the high seas. 21 U.S.C. § 955a; *United States v. Riker, supra; United States v. Liles*, 670 F.2d 989 (11th Cir. 1982).

The appellants attack, as well, the constitutionality of § 955a, which they assert is unduly vague. We note that the statute in question provides specific definitions of, *inter alia*, a "vessel of the United

States" and the "high seas." *See* 21 U.S.C. § 955b(b), (c). A similar challenge to the constitutionality of § 955a was rejected by the United States District Court for the Southern District of Florida in *United States v. Angola*, 514 F.Supp. 933, 935 (S.D. Fla.1981). Concurring fully in the holding and reasoning of the court in *Angola*, we likewise reject the instant appellants' challenge. *See Hynes v. Mayor of Oradell*, 425 U.S. 610, 96 S.Ct. 1755, 48 L.Ed.2d 243 (1976).

### C. Motion to Suppress

The appellants base their motion to suppress on their allegation that the Coast Guard lacked jurisdiction to stop and board the BRANDY. The evidence adduced at trial established that the BRANDY was located and boarded by the Coast Guard six miles off the coast of Bimini. The sovereignty of a coastal state such as Bimini does not extend beyond its three mile territorial limit. *See United States v. Louisiana*, 363 U.S. 1, 80 S.Ct. 961, 4 L.Ed.2d 1025 (1960); *Plaisance v. United States*, 433 F.Supp. 936 (E.D.La.1977). Hence, the Coast Guard boarded the BRANDY while it was on the high seas. The Coast Guard's authority to stop and board vessels on the high seas is indisputable. 19 U.S.C. § 1581; *United States v. Flores*, 389 U.S. 137, 146–50, 53 S.Ct. 580, 581–82, 77 L.Ed. 1086 (1932). Section 955a of Title 21 of the United States Code is specifically intended to reach acts of possession of narcotics committed outside the territorial jurisdiction of the United States. 21 U.S.C. § 955a(h).

In light of the above, the appellants' convictions are hereby AFFIRMED.