**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ramon BUSTOS–GUZMAN, Pedro Benara-Agamez, Luis Enrique Diaz-Nunoz, Victor Manuel Barrantes, Defendants-Appellants.**

No. 81–5457.

United States Court of Appeals,
Eleventh Circuit.

Sept. 13, 1982.

Jose J. Larraz, Jr., Asst. Federal Public Defender, Miami, Fla., for Bustos-Guzman.

Philip Carlton, Jr., Miami, Fla., court appointed, for Diaz-Nunoz.

Mark Alan LeVine, Robyn J. Hermann, Deputy Federal Public Defender, Benedict P. Kuehne, Miami, Fla., court appointed, for Agamez.

Blas E. Padrino, Coral Gables, Fla., court appointed, for Barrantes.

Jon May, Asst. U. S. Atty., Miami, Fla., for the U. S.

Before TUTTLE, RONEY and CLARK, Circuit Judges.

PER CURIAM:

Convicted after a nonjury trial of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C.A. § 955c and possession with intent to distribute over 5,000 pounds of marijuana found on a United States vessel in violation of 21 U.S.C.A. § 955a and 18 U.S.C.A. § 2, four defendants raise on appeal several points involving sufficiency of the evidence, suppression of evidence and constitutionality of 21 U.S.C.A. § 955a. We affirm.

A Coast Guard cutter encountered in international waters a 52-foot fishing vessel flying an American flag. A radio inquiry revealed the vessel was the BETTY H with a home port of Eureka, California, its last port of call was Panama en route to Nassau, the purpose of the voyage was to have a good time, and there was no cargo on board.

Although the BETTY H was on the Coast Guard's suspect list, an armed boarding party was sent for the sole purpose of ascertaining compliance with U.S. law. The captain, defendant Diaz-Nunoz, produced a customs clearance from Cristobal, Panama, that listed Diaz-Nunoz as master, only one crew member and no passengers. There were four men including the captain aboard the BETTY H when boarded. The Coast Guard certificate of consolidated enrollment and license was two years out of date and listed O. W. Handy as master.

The lieutenant in charge of the boarding party instructed another Coast Guard officer to check the main beam number. Diaz then informed the lieutenant that marijuana was on the boat. A search of the vessel revealed 5,760 pounds of marijuana. Sev-

enty bales of marijuana were found in the ship's forward hold, 30 bales in the aft hold. Two charts found on the vessel showed track lines beginning in Panama or Hispaniola and ending in the Bahamas. The crew members were arrested, advised of their rights, and taken with the ship to Miami where defendant Bustos-Guzman told a Drug Enforcement Administration Agent (DEA) he boarded the BETTY H in Panama, was recruited for the job, and knew marijuana was on board.

■ On appeal defendants first attack the proof of venue. Because defendants did not file a motion for a change of venue prior to trial, they waived any objection to venue and may not raise it for the first time on appeal. *See United States v. Richards*, 646 F.2d 962 (5th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 669, 70 L.Ed.2d 638 (1981).[1] In addition, there was ample circumstantial evidence to support venue in the Southern District of Florida. Direct evidence is not required. *United States v. Martino*, 648 F.2d 367, 400 (5th Cir. 1981).

Although the defendants raised numerous objections as to the constitutionality of 21 U.S.C.A. § 955a, the point has been resolved against them in this Circuit by the recent decisions in *United States v. Marino-Garcia*, 679 F.2d 1373 (11th Cir. 1982); *United States v. Julio-Diaz*, 678 F.2d 1031 (11th Cir. 1982); *United States v. Riker*, 670 F.2d 987, 988 (11th Cir. 1982).

■ Defendants argue the Government did not prove that the BETTY H was a vessel of the United States, as required by 21 U.S.C.A. § 955a(a). The BETTY H flew an American flag, its home port was Eureka, California, it was registered in the United States, and the owner was a United States citizen. The flag under which a ship sails is prima facie proof of her nationality, *Hartwig v. United States*, 19 F.2d 417 (5th Cir. 1927), and the "law of the flag" governs conduct aboard the ship. *See United States v. Flores*, 289 U.S. 137, 150–51, 53

S.Ct. 580, 582–83, 77 L.Ed. 1086 (1933). The evidence was sufficient to establish the BETTY H was a vessel documented under the laws of the United States. *See* 21 U.S.C.A. § 955b(c).

■ Defendants' contention that the marijuana should have been suppressed by the trial court is without merit. Under 14 U.S.C.A. § 89(a) the Coast Guard can stop and board a vessel for a document and safety check without any particularized suspicion. *United States v. Alonso*, 673 F.2d 334, 336 (11th Cir. 1982). The marijuana was in plain view of the officer who checked the vessel's main beam number. *See United States v. Robbins*, 623 F.2d 418, 419 (5th Cir. 1980). Since the Coast Guard had authority to board the vessel under 14 U.S.C.A. § 89(a), the defendants could not have any reasonable expectation of privacy protected by the Fourth Amendment in an area where the Coast Guard's presence is authorized, regardless of the subjective expectations or intent of the boarding party. *United States v. Willis*, 639 F.2d 1335, 1337 (5th Cir. 1981). The stop and subsequent search of the BETTY H did not violate any constitutional rights of the defendants.

■ All defendants challenge the sufficiency of the evidence to sustain conviction. They argue that the marijuana was securely stored below deck with the hatches closed and there was no evidence that any of them had been in either hold or had handled the marijuana. There was, however, ample evidence that the defendants committed the offenses charged. More than mere presence on the boat was established. *See United States v. Alfrey*, 620 F.2d 551, 556 (5th Cir.), *cert. denied*, 449 U.S. 938, 101 S.Ct. 337, 66 L.Ed.2d 160 (1980). Possession of contraband may be constructive as well as actual and may be proved by circumstantial evidence. *United States v. Goldstein*, 635 F.2d 356, 362–63 (5th Cir.), *cert. denied*, 452 U.S. 962, 101 S.Ct. 3111, 69 L.Ed.2d 972 (1981); *United States v. Riggins*, 563 F.2d

---

1. The Eleventh Circuit, in the en banc decision of *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

1264, 1266 (5th Cir. 1977), *cert. denied*, 439 U.S. 848, 99 S.Ct. 148, 58 L.Ed.2d 150 (1978). The evidence showed that the BETTY H was designed to be a fishing vessel, yet it contained no ice, tackle, refrigeration equipment, nets, or bait. A dangerous condition resulted from the maldistribution of the vessel's cargo. By the time the ship was boarded the defendants had been on board the vessel from 9 to 11 days. The sleeping area was used for storing the marijuana. There is no evidence to indicate where the crew actually slept, but it is unlikely they remained on deck the entire time. Taken as a whole the evidence is sufficient to sustain the convictions.

AFFIRMED.