**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Elio QUESADA–ROSADAL, Pedro Que-
sada-Rosadal, and Heriberto Gonzalez,
Defendants-Appellants.**

**No. 81–5507.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 13, 1982.

John Lipinski, Miami, Fla., for defendants-appellants.

Sari B. Marmur, James G. McAdams, III, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before TUTTLE, RONEY and CLARK, Circuit Judges.

RONEY, Circuit Judge:

Convicted of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C.A. § 955c and possession with intent to distribute approximately 5,120 pounds of marijuana while aboard a United States vessel in violation of 21 U.S.C.A. § 955a(a), three defendants raised on appeal several points involving: (1) the constitutionality of 21 U.S.C.A. § 955a; (2) the use for impeachment of testimony given by one defendant in a suppression hearing; (3) the refusal of trial court to read parts of trial testimony in response to questions raised by the jury during deliberation; and (4) sufficiency of evidence to convict. We affirm.

A Coast Guard cutter approximately 60 miles southeast of Miami, encountered the vessel MAGYURY with a home port of Miami, Florida. The MAGYURY was observed to be running without lights, which were turned on when the cutter approached. Stopped by the cutter, the vessel was boarded by three armed officers to ensure compliance with U. S. laws. One of the officers conducted the boarding in English and Spanish. Defendant Elio Quesada-Rosadal said he was the captain. When the Coast Guard asked why they had been without running lights, Quesada-Rosadal answered, "Because of the type of cargo." When asked what kind of cargo, the three defendants put their hands above their heads and said, "Marijuana." The officer in charge requested that the cabin door be opened. When the unlocked door was opened, the smell of marijuana was evident, and bales of marijuana could be seen.

All three defendants testified on their own behalf. They testified they borrowed the boat for a weekend of fishing. After fishing for a few days, they went onto a small island where they discovered packages they believed contained marijuana. They all loaded the marijuana on the boat, but then afraid of both prosecution and the wrath of the true owners, they decided to return it. When they approached the island and saw lights, they fled in fear. Before reaching a safe spot to "dump" the packages, they were stopped by the Coast Guard cutter.

### (1) *Constitutionality of § 955a*

The defendants argue that 21 U.S.C.A. § 955a is unconstitutionally void for vagueness, exceeds the scope of legislative power, and violates fundamental principles of international law. The constitutionality of 21 U.S.C.A. § 955a has been upheld in this Circuit. *United States v. Marino-Garcia*, 679 F.2d 1373 (11th Cir. 1982); *United States v. Julio-Diaz*, 678 F.2d 1031 (11th Cir. 1982); *United States v. Riker*, 670 F.2d 987 (11th Cir. 1982).

### (2) *Use of Suppression Testimony*

■ Defendant Pedro Quesada-Rosadal argues that *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247

(1968), prohibits any use at trial of his testimony given at a hearing on a motion to suppress. The precise holding in *Simmons* is that such testimony is not admissible in the merits trial "on the issue of guilt." 390 U.S. at 394, 88 S.Ct. at 976. The Supreme Court later expressly noted that it had not decided whether *Simmons* precluded the use of a defendant's suppression testimony for trial impeachment. *United States v. Salvucci*, 448 U.S. 83, 93–94, 100 S.Ct. 2547, 2553–2554, 65 L.Ed.2d 619 (1980). The Supreme Court has consistently held that a defendant, as any other witness who testifies has an obligation to testify truthfully, *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), both on direct and cross-examination. *United States v. Havens*, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980). In *Havens* the Court permitted the use of illegally seized suppressed evidence to impeach the defendant's trial testimony given in response to proper cross-examination. Even prior to *Havens* such use had been permitted to impeach the direct testimony of defendant. *See Walder v. United States*, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954). Under the force of *Havens* and the authorities cited therein, we hold that the use of prior inconsistent statements given at a suppression hearing can be used to impeach a defendant's trial testimony, whether given during direct or cross-examination. *See McCormick, Evidence* § 34 (2d ed. 1972).

■ Although defendant argues the suppression testimony did not conflict with the trial testimony, the district court did not abuse its discretion in determining that the variance was material and was proper impeachment.

### (3) *Refusal By Court to Read Testimony*

■ After beginning deliberations, the jury wanted to know what the defendants had said about how long it was after seeing lights of other boats at the island, when they were attempting to return the marijuana, that they were stopped by the Coast Guard. The Court after considering reading the testimony decided not to and instructed the jury to rely on its own recollection of the evidence. This is one of those cases where the trial court, having given the matter proper consideration, could have been right on either course of action. The answers to these questions may have been helpful to the jury in considering the defendants' claim they had found the marijuana and were returning it when stopped. A trial judge, however, has broad discretion in responding to the jury's request to read portions of the evidence. *See United States v. Zepeda-Santana*, 569 F.2d 1386, 1391 (5th Cir.), *cert. denied*, 437 U.S. 907, 98 S.Ct. 3098, 57 L.Ed.2d 1138 (1978);[1] *United States v. King*, 552 F.2d 833, 850 (9th Cir. 1976), *cert. denied*, 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977). We discern no abuse of that discretion in this case.

### (4) *Sufficiency of Evidence*

The defendants make three arguments on appeal as to insufficiency of the evidence. Defendants were convicted of possession under 21 U.S.C.A. § 955a(a), which provides:

> It is unlawful for any person *on board a vessel of the United States*, or on board a vessel subject to the jurisdiction of the United States on the high seas, *to knowingly or intentionally* manufacture or distribute, or to *possess with intent to manufacture or distribute*, a controlled substance. (emphasis added).

They were also convicted of conspiracy to violate that section.

■ First, defendants argue the Government did not prove the MAGYURY was "a vessel of the United States," as required by 21 U.S.C.A. § 955a. A vessel of the United States is defined in 21 U.S.C.A. § 955b as including any vessel numbered as provided by the Federal Boat Safety Act. 46 U.S.C.A. § 1466. That Act provides for the numbering of vessels by authorities of

---

1. The Eleventh Circuit, in the en banc decision of *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

**1284**

states in which the vessel is principally used. Florida Statutes § 371.041 provides for registration and numbering. The Government introduced into evidence the vessel's Florida registration bearing the federal "FL" vessel numbers as required by the Boat Safety Act. That evidence was sufficient proof the MAGYURY was a vessel of the United States.

 Second, defendants argue that although they possessed the marijuana found on the MAGYURY, the evidence showed that they did not know what they were going to do with it after it was loaded, and that when stopped by the Coast Guard their intent was to return it, not to distribute it. Thus defendants say the evidence does not support a finding of possession with intent to distribute. The amount of marijuana involved, admittedly loaded and possessed by the defendants in connection with their expressed visions of fast wealth, supports the jury's conclusion. *United States v. Perez*, 648 F.2d 219, 222 (5th Cir. 1981), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 602, 70 L.Ed.2d 388, 592 (1981). Defendants' argument as to their own testimony presents a classic jury question, unreviewable as to credibility by this Court.

 Defendants' third sufficiency argument that they did not conspire to distribute because they did not know what they would do with the marijuana meets the same fate. They argue further they abandoned any conspiracy there may have been. They testified that frustrated in their attempt to return the marijuana, they were about to dump it into the sea when they were stopped and arrested. To withdraw from a conspiracy a defendant must show that he or she acted affirmatively to defeat or disavow the purpose of the conspiracy. *Hyde v. United States*, 225 U.S. 347, 369, 32 S.Ct. 793, 803, 56 L.Ed. 1114 (1912). This burden of proving withdrawal from a conspiracy rests upon defendant. *United States v. Killian*, 639 F.2d 206, 209 (5th Cir.), *cert. denied*, 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1981). Again, it was the job of the jury to assess the credibility of the testimony that supports this

argument. The defendants acted in concert and the evidence was sufficient to support the jury verdict.

AFFIRMED.