**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Brian MILLER, Defendant-Appellant.**

No. 82–5081
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Dec. 13, 1982.

Thomas G. Murray, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Ana-Marie Carnesoltas, James G. McAdams, III, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Brian Miller and his codefendant were charged with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Following the presentation of evidence and argument by counsel, the district court denied appellant's motion to suppress the marijuana which formed the basis of the indictments and found both defendants guilty as charged. The court imposed sentences of forty four months for each of the two counts, the sentences to be served concurrently.

Miller's sole contention on appeal is that the evidence at trial demonstrated no more than that he was present in the vicinity of contraband at the time of arrest. Because we find the evidence was sufficient to support the verdict, we affirm.

At approximately 12:15 a.m. on the morning of April 27, 1981, Customs Patrol Officers Michael Doherty and Herman Skibins were on patrol offshore Key Biscayne, Florida. The officers observed a vessel, the Black Fin, at anchor in the choppy, four-to-five foot seas. The anchored vessel was bobbing heavily and its navigation lights were not illuminated.

As they approached the Black Fin the officers observed two persons on board, later identified as the defendants. Officer Skibins hailed the ship. He asked if it was in distress and needed a tow. One individual on board answered "yes" and the other "no." Appellant told the officers that they were out of gas, were waiting for a friend to assist them and did not want a tow.

Officer Skibins testified at trial that although the explanation given by appellant was unlikely in light of the rough seas, he maneuvered his vessel away from the Black Fin. When he reached a point approximately 100 feet downwind of the other boat, however, he detected a "very strong odor" of marijuana, turned on his blue law enforcement lights, and returned to the boat. He asked the men their destination. They replied, "Hillsborough Inlet." Officer Doherty testified that a lookout notice posted in the United States Customs Office in Miami had warned the field personnel to be

on the lookout for boats headed into Hillsborough Inlet loaded with marijuana.

Officer Doherty boarded the vessel and observed that one of the boat's deck panels was missing, thus affording a view of the bilge which contained brown colored water. Opening a hatch adjacent to the cabin area, the officer observed five bales of marijuana. Forty-four more bales were discovered in the vessel's cabin or elsewhere about the boat. The forty-nine bales weighed in at 2,300 pounds.

■ In considering appellant's claim of insufficient evidence, this court must view all of the evidence, together with all logical inferences flowing from the evidence, in the light most favorable to the government, and must draw all credibility choices in favor of the finder of fact. *United States v. Gianni,* 678 F.2d 956, 958–59 (11th Cir. 1982). The standard of review is whether "a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (Unit B, en banc).

■ Although mere presence at the scene of arrest is insufficient to sustain a conviction either for conspiracy or for the underlying offense of possession of contraband, both offenses may be proven by circumstantial evidence. *See, e.g., United States v. Gianni,* 678 F.2d at 959 ("the essential elements of a conspiracy can be proven by inference from the actions of the actors or by circumstantial evidence"); *United States v. Bustos-Guzman,* 685 F.2d 1278, 1280 (11th Cir.1982) ("possession of contraband may be constructive as well as actual and may be proven by circumstantial evidence."). There is "rarely any direct evidence of an agreement to join a criminal conspiracy, and thus the defendant's assent can be inferred from acts which furthered the conspiracy's purpose." *United States v. Middlebrooks,* 618 F.2d 273, 278, *modified in part,* 624 F.2d 36 (5th Cir.), *cert. denied,* 449 U.S. 984, 101 S.Ct. 401, 66 L.Ed.2d 247 (1980). Further, "when crewmen are found aboard a vessel on which the presence of contraband is obvious, a conspiracy may be inferred." *United States v. Groce,* 682 F.2d 1359, 1365 (11th Cir.1982).

■ On the facts recited above, the evidence was sufficient to support the district court's finding that appellant and his codefendant had joint control over the marijuana that was on the vessel. Appellant was engaged in transporting forty-nine bales of marijuana on a relatively small vessel. If, as testified at trial, the pungent odor of marijuana was obvious to the customs officers from 100 feet downwind of the vessel, "all defendants had to be aware of [the marijuana] given its pervasive odor." *United States v. Stuart-Caballero,* 686 F.2d 890, 893 (11th Cir.1982). *See also United States v. Liles,* 670 F.2d 989, 992 (11th Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 2300, 73 L.Ed.2d 1303 (1982). The evidence suggested that appellant and his codefendant both had easy access to the cabin area, where most of the marijuana was located. The vessel was anchored, without running lights, in the middle of the night, on a sea too rough to fish. Further, appellant took an active role in answering the questions posed by the customs officers: it was appellant who advised they did not need help, that there was someone coming with gasoline. Finally it is reasonable to infer that appellant's codefendant did not load in excess of one ton of marijuana himself and then just happen to take appellant along for the ride. *See United States v. Stuart-Caballero,* 686 F.2d at 894 (no mere presence where "more than one person was needed to load and off-load the large quantity of marijuana on board").

■ The district court was justified in concluding beyond a reasonable doubt that the evidence sufficiently demonstrated appellant's participation in the conspiracy, *United States v. Liles,* 670 F.2d at 992; *United States v. Riker,* 670 F.2d 987, 988–89 (11th Cir.1982); *see United States v. DeWeese,* 632 F.2d 1267, 1272 (5th Cir.1980), *cert. denied,* 451 U.S. 902, 101 S.Ct. 1967, 68 L.Ed.2d 290 (1981), as well as his constructive or actual possession of the marijuana. *United States v. Brown,* 684 F.2d 841, 842

**1054**

(11th Cir.1982); *United States v. Goldstein,* 635 F.2d 356, 362–63 (5th Cir.), *cert. denied,* 452 U.S. 962, 101 S.Ct. 3111, 69 L.Ed.2d 972 (1981). Intent to distribute the marijuana was properly inferable from the amount of the contraband aboard appellant's vessel— 2,230 pounds. *United States v. Bulman,* 667 F.2d 1374, 1378–79 (11th Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982); *United States v. Goldstein,* 635 F.2d at 362.

AFFIRMED.