[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10928
Non-Argument Calendar

_____

D. C. Docket No. 1:10-cr-20300-DMM-15

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TARESA JARRIEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 27, 2012)

Before HULL, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Taresa Jarriel appeals her convictions for conspiracy to possess with intent

to distribute cocaine, 21 U.S.C. § 846, and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii), for which she was sentenced to 120 months' imprisonment.  No reversible error has been shown; we affirm.

Jarriel argues that the district court erred in admitting, in violation of Fed.R.Evid. 404(b), her prior conviction for simple possession of cocaine in violation of Fed.R.Evid. 404(b).  We review the district court's Rule 404(b) rulings for an abuse of discretion.  United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008).  Under Rule 404(b), evidence of other crimes is not admissible to show proof of bad character.  But such evidence may be admissible to prove motive, knowledge, intent, or lack of mistake or accident as long as the evidence is relevant to an issue other than defendant's character and the risk of undue prejudice from the evidence does not outweigh substantially its probative value. See Fed.R.Evid. 404(b); see also Fed.R.Evid. 403.

Here, Jarriel's intent was at issue because she pleaded not guilty and denied participating in the conspiracy.  See United States v. Butler, 102 F.3d 1191, 1195 (11th Cir. 1997) (stating that "[i]ntent is always at issue when a defendant pleads not guilty to a conspiracy charge.").  And an earlier conviction for possession of cocaine is admissible to establish intent to conspire to distribute cocaine.  Id. at

2

1195-96.  Because Jarriel presented a "mere presence" defense, evidence of her earlier conviction was introduced to establish her intent, not her character.

Jarriel argues that, because her conviction for simple possession is dissimilar to the current charge for conspiracy to distribute cocaine, the evidence about that conviction was unduly prejudicial.  But Jarriel's prior conviction -- like the convictions at issue on appeal -- involved cocaine, demonstrating that Jarriel was familiar with the look and smell of cocaine and was aware generally of how cocaine purchases are negotiated and conducted.  Because this evidence was probative to rebutting Jarriel's "mere presence" defense, we cannot say that the risk of undue prejudice outweighed substantially the evidence's probative value.  See United States v. Delgado, 56 F.3d 1357, 1366 (11th Cir. 1995) (concluding that evidence of an earlier conviction was admitted properly when it was highly probative to proving defendant's intent and to countering his mere presence defense).  We see no abuse of discretion.

We next address Jarriel's argument that the district court erred in denying her motion for judgment of acquittal when insufficient evidence existed to support her convictions.  "We review de novo the denial of a motion for acquittal and the sufficiency of the evidence to sustain a conviction, viewing the evidence in the light most favorable to the government and drawing 'all reasonable inferences and

3

credibility choices in favor of the jury's verdict.'" United States v. Tampas, 493 F.3d 1291, 1297-98 (11th Cir. 2007). "We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt." United States v. Farley, 607 F.3d 1294, 1333 (11th Cir. 2010).

To convict Jarriel of conspiracy to distribute cocaine, the government had to prove these two things: "(1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means." See United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998). To satisfy its burden of proof, the government may use circumstantial evidence to demonstrate "a meeting of the minds to commit an unlawful act." Id. To sustain a conviction under 21 U.S.C. § 841(a)(1), the government must prove "(1) knowledge (of one's possession); (2) possession of a controlled substance; and (3) intent to distribute that substance." United States v. Woodward, 531 F.3d 1352, 1360 (11th Cir. 2008) (citation and quotation omitted).

At trial, the government presented testimony about Jarriel's involvement in at least three drug transactions. During the first transaction, Jarriel and others sampled a small amount of a supplier's cocaine and agreed to purchase a larger quantity at a later date. On a second occasion, Jarriel went into a bedroom to retrieve $6,000 in cash to pay for 10 ounces of cocaine. During the third

transaction, the supplier handed Jarriel more than 700 grams of cocaine; and Jarriel asked him about the cocaine's quality.  Jarriel then drove a truck -- rented in her name and smelling strongly of cocaine -- for about an hour before being stopped by police.

Based on this evidence, a reasonable trier of fact could conclude that Jarriel had agreed to distribute cocaine with one or more parties.  The evidence also supports Jarriel's conviction for possession with intent to distribute.  Although Jarriel contends that she was merely present during these transactions and not involved directly, her intent to distribute can be inferred from the large quantity of cocaine seized.  See United States v. Miller, 693 F.2d 1051, 1054 (11th Cir. 1982).

AFFIRMED.