[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13056
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00202-CEH-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWAN D. JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 10, 2014)

Before TJOFLAT, HILL, and ANDERSON, Circuit Judges.

PER CURIAM:

Antwan Jackson appeals his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1).   On appeal, Jackson argues the district court erred by denying his motion to suppress the fruits of a traffic stop, and by denying his motion for judgment of acquittal because the government failed to establish venue and possession.  Each of these arguments is addressed in turn below.

## I. MOTION TO SUPPRESS

The denial of a defendant's motion to suppress generally involves a mixed question of fact and law.  *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007).  Findings of fact are construed in the light most favorable to the prevailing party below and reviewed for clear error, while findings of law are reviewed *de novo*.  *Id.*  We give deference to district courts' credibility determinations.  *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003).   A failure to object to a magistrate's findings in accordance with Rule 59(b)(2) waives a party's right to review of those findings.   *See* Fed.R.Cr.P. 59(b)(2); *United States v. Garcia-Sandobal*, 703 F.3d 1278, 1283 (11th Cir. 2013) (holding that a defendant waived his right to appellate review on an issue because he did not file a timely objection to the magistrate's recommendation and report).

2

A traffic stop does not violate the Fourth Amendment if it is either based upon probable cause to believe a traffic violation has occurred or reasonable suspicion of criminal activity. *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008). Police officers have probable cause when the facts and circumstances within their collective knowledge would cause a prudent person to believe the suspect has committed or is committing an offense. *Craig v. Singletary*, 127 F.3d 1030, 1042 (11th Cir. 1997)(*en banc*). Reasonable suspicion is a lower standard than probable cause, and is satisfied by "considerably less than proof of wrongdoing by a preponderance of the evidence." *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989). The existence of probable cause or reasonable suspicion is viewed from the standpoint of an objectively reasonable police officer. *United States v. Chanthasouxat*, 342 F.3d 1271, 1276 (11th Cir. 2003). The inquiry is centered on information available to officers at the time of the stop, and not whether a suspect's conduct is ultimately proved lawful. *United States v. Lewis*, 674 F.3d 1298, 1305 (11th Cir. 2012).

Florida law provides:

> A person shall not operate any motor vehicle on any public highway, road, or street on which vehicle the side wings and side windows on either side forward of or adjacent to the operator's seat are composed of, covered by, or treated with any sunscreening material or other product or covering which has the effect of making the window nontransparent or which would alter the window's color, increase its reflectivity, or reduce its

3

light transmittance, except as expressly permitted by this section. A sunscreening material is authorized for such windows if, when applied to and tested on the glass of such windows on the specific motor vehicle, the material has a total solar reflectance of visible light of not more than 25 percent as measured on the nonfilm side and a light transmittance of at least 28 percent in the visible light range.

Fla. Stat. § 316.2953. There are exceptions for people with certain medical conditions, law enforcement canine units, and licensed private investigators. Fla. Stat. § 316.29545. Officers are permitted to detain suspects long enough to determine whether they qualify for an exemption to a statute. *See Lewis*, 674 F.3d at 1304.

Jackson is precluded from arguing that a patrol deputy could not determine the car he was riding in had tinted windows when he passed it on the road. In addition to the deference we give to a district court's credibility determinations, the uncontested findings of fact from the magistrate, adopted by the district court, state that the car Jackson was riding in had "very, very, very dark" windows, and that an officer was able to determine that fact when he passed the car on the highway. Because Jackson waived his right to challenge those facts on appeal by not objecting to the magistrate's factual findings, he cannot challenge the officer's ability to make that determination.

4

It also does not matter that the record lacks evidence showing the windows of the car Jackson was riding in actually violated the window tint statute. Probable cause is determined by officers' knowledge at the time of the stop, and the record states that an officer observed a car with heavily tinted windows. Even if the windows did not turn out to violate Florida law, a stop based on an officer's incorrect but reasonable assessment of facts does not violate the Fourth Amendment.

Jackson's argument that there was no probable cause to stop the vehicle because officers did not investigate whether he fell within an exemption to the window tint statute also fails, because Moore and Gray were entitled to stop the car and discern whether its operator qualified for an exemption for the statute. Then, as they effectuated that stop, reasonable suspicion of criminal activity arose further justifying the detention.

Contrary to Jackson's stance, an officer's knowledge of the car's rental status also does not change the probable cause analysis. The statute deals with operation of a car with tinted windows, and not ownership of such a car.

Finally, Jackson's argument that a gun on the center console did not justify detention beyond a simple traffic stop fails because the gun was not the reason for extending the stop. The stop was extended because there was reasonable suspicion that the driver had committed battery and had attempted to flee and elude police.

5

Since all of the car's occupants piled into the back seat before the officers could determine who was driving the vehicle, and Jackson crawled out of the back seat of the car, there was reasonable suspicion to believe Jackson was the driver and his detention was reasonable.   Therefore, the district court did not err in denying Jackson's motion to suppress.

## II. MOTION FOR JUDGMENT OF ACQUITTAL

We review the denial of a motion for judgment of acquittal based on the sufficiency of the evidence *de novo*, drawing all inferences and credibility determinations in the government's favor.  *United States v. Robertson*, No. 12-10046, manuscript op. at 13 (11th Cir. Nov. 12, 2013).  The evidence need not "exclude every reasonable hypothesis of innocence" as long as a reasonable trier of fact could find the evidence establishes guilt beyond a reasonable doubt.  *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990).

The Sixth Amendment and Fed.R.Crim.P. 18 give a criminal defendant a right to trial in the district court where the alleged offense was committed.  *United States v. DiJames*, 731 F.2d 758, 761 (11th Cir. 1984).  An improper venue claim is reviewed to determine whether the government proved the offense took place in the trial district by a preponderance of the evidence.  *United States v. Burroughs*, 830 F.2d 1574, 1580 (11th Cir. 1987).  Evidence is viewed in the light most favorable to the government, and all reasonable inferences and credibility

determinations are drawn in favor of the district court's verdict. *Id.* Circumstantial evidence without any direct evidence can be sufficient to show venue. *United States v. Bustos-Guzman*, 685 F.2d 1278, 1280 (11th Cir. 1982).

Generally, a fact finder is entitled to infer from his or her own experiences and from the manner the evidence was presented that witnesses were referring to place and street names within a specific district. *United States v. White*, 611 F.2d 531, 535 n.5 (11th Cir. 1982). Similarly, judicial notice can be used. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006).

Possession of a firearm can be shown by demonstrating actual physical possession, or by proving constructive possession, meaning the person enjoyed ownership, dominion, or control over an object or the premises where it was concealed. *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005). Mere presence in the vicinity or association with another person in possession of a gun does not amount to constructive possession. *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011). The government must prove the defendant was aware of the firearm's presence and had the ability and intent to later exercise dominion and control over that firearm. *Id*.

Here, two officers testified that they were on patrol in Volusia County when they encountered the vehicle Jackson was riding in. Another testified that he encountered him while working with the Daytona Beach Police Department.

7

Street names and the name of a club were also given.  As a fact finder, the judge could have taken judicial notice or relied on personal knowledge to place those locations within the Middle District of Florida.  Taking this evidence in the light most favorable to the government, venue was established by a preponderance of the evidence.

As to the handgun, it was found in plain view on the center console of the vehicle, so a reasonable trier of fact could infer Jackson was aware of the gun. Regardless of which seat Jackson actually occupied in the car, he would have been able to easily reach the gun, so he had access to it.  Finally, because Jackson told Detective Vahey he had "held" that gun because of an "issue" he was having with somebody, a reasonable fact finder could have concluded Jackson had intent to exercise dominion and control over the firearm, and therefore constructively possessed it.

Furthermore, the government also met its burden in establishing actual possession on a prior occasion.  A detective testified that Jackson admitted he had "held" the gun, then later changed his story, claiming he had just "touched" it.  A reasonable fact finder could make the credibility determination that the first story was more believable.  Additionally, Jackson did not admit to possessing just any gun, he specifically said "that" gun when questioned about the gun found in the car, and identified it as a .380.  The gun recovered in the car was also a .380 caliber

pistol.    Therefore, a reasonable fact finder could have concluded the government proved the element of possession, and the district court did not err by denying the motion for judgment of acquittal.

## III. CONCLUSION

For the foregoing reasons, we conclude the district court did not err in denying Jackson's motion to suppress or in denying his motion for judgment of acquittal.  Accordingly, we affirm.

**AFFIRMED.**