# United States Court of Appeals
## For the First Circuit

No. 04-1432

UNITED STATES OF AMERICA,

Appellee,

v.

FREDRICO TAVARES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard Stearns, U.S. District Judge]

Before

Lynch, Circuit Judge,
Campbell and Stahl, Senior Circuit Judges.

John H. Cunha, Jr., with whom Charles Allan Hope was on brief, for appellant.
John T. McNeil, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief, for appellee.

October 28, 2005

**STAHL**, <u>Senior Circuit Judge</u>.  Fredrico Tavares was convicted in 2002 on one count of being a felon in possession of a firearm.  He now appeals the district court's admission into evidence of certain tape-recorded conversations he had with a confidential government informant.  He also challenges the district court's application of a four-point increase to his offense level under the section of the Federal Sentencing Guidelines allowing such an increase for a defendant who possessed a firearm with "reason to believe that it would be used or possessed in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(5).  Finally, Tavares seeks resentencing in light of the Supreme Court's decision in <u>United States</u> v. <u>Booker</u>, 125 S. Ct. 738 (2005), that the Federal Sentencing Guidelines ranges are advisory rather than mandatory.  We affirm both Tavares' conviction and his sentence.

## I. Background

Tavares was convicted in the United States District Court for the District of Massachusetts after a confidential informant arranged the sale of an assault rifle from Tavares to an undercover agent with the federal Bureau of Alcohol, Tobacco, and Firearms ("ATF").  The sale of the rifle occurred on April 27, 2001, but the informant, Neil Baptiste, who was himself a convict, had, at the behest of the ATF agent, been attempting to arrange a gun sale with Tavares since January of that year.  In January, Baptiste called Tavares several times, indicating that he

wished to acquire a firearm and asking about setting up a sale. Four of the January telephone conversations between Baptiste and Tavares were recorded and, over objection, the recordings were admitted into evidence at the trial.

The jury convicted Tavares. At his sentencing hearing, the court found that Tavares had reason to believe that the weapon he sold to the undercover ATF agent would be used in connection with a subsequent felony. The court accordingly enhanced Tavares' offense level by four points, yielding a sentencing range under the Guidelines of 97–120 months. In seeking mitigation of his potential sentence, Tavares spoke about his ailing parents and described how he had supported himself through college and had never belonged to a gang. Responding, the district judge stated,

> My inclination was to sentence to the maximum, 120 months. I am going to give, on the basis of what Mr. Tavares said, some benefit and respect for his statement that he is ready to change his life. There is not much I can do, but I will impose a sentence at the mid-point of that range rather than the maximum.

The judge then imposed a sentence of 108 months in prison. Tavares appealed his conviction and sentence.

## II. Discussion

Before us on appeal are three issues: (1) whether the district court improperly admitted the evidence of the January telephone conversations, (2) whether the district judge erred in

enhancing Tavares' offense level, and (3) whether Tavares is entitled to a remand for resentencing under Booker. We consider each issue in turn.

## A. The January Conversations

Tavares contends that the district court should have excluded the taped January conversations under Federal Rule of Evidence 404(b), which deems evidence of a defendant's past acts inadmissible to prove the defendant acted in conformity with a certain character trait in the charged case. See Fed. R. Evid. 404(b). We review a district court's decision to admit disputed evidence for abuse of discretion. See United States v. Flemmi, 402 F.3d 79, 86 (1st Cir. 2005).

Although Rule 404(b) prohibits the use of past-acts evidence for propensity purposes, it does permit a party to introduce such evidence for "other purposes"; commonly cited acceptable purposes include proof of knowledge, intent, motive, and opportunity. Fed. R. Evid. 404(b). Here, the government argues that it introduced the January telephone conversations to show Tavares' knowledge about illicit firearms dealing and intent to conduct an illicit gun deal, rather than to show propensity. Tavares counters that because the January conversations concerned a potential sale of a gun to Baptiste, whereas the actual sale some months later was made to the ATF agent (with Baptiste acting as go-between), it is improper to impute Tavares' mental state on

-4-

the earlier occasion to the later, consummated transaction. This characterization, however, ignores that the January conversations tend to establish that Tavares knew how to conduct a weapons sale and expressed willingness to do so, which are relevant and permissible factors regardless of the identity of the purchaser.

The district court's conclusion that the January conversations served the permissible purposes of proving knowledge and intent was not an abuse of discretion.

## B. The Increased Offense Level

Tavares next claims the trial court wrongly concluded that he had reason to believe the assault rifle he sold to the undercover ATF agent would be used or possessed in connection with another felony. We review a district court's factual determinations under the Sentencing Guidelines for clear error. United States v. Nunez, 146 F.3d 36, 40 (1st Cir. 1998).

In making its determination, the district court relied on factors including the nature of the weapon, the clandestine nature of the sale, and the fact that the sale price of $1800 was more than six times the market value of the weapon. The court also considered the statements Baptiste made to Tavares in January[1] that he wanted to acquire a gun in order to deal with

---

[1]As noted earlier, Baptiste was not the actual purchaser of the gun in April, but he orchestrated the sale and acted as intermediary. Thus, the motives he expressed to Tavares in the January negotiations contributed to Tavares' overall expectations about how the gun would be used.

various people with whom he "got beef" and that he was "ready to shoot" those people.  Taken together, these factors provide ample support for the district court's conclusion.  There was no clear error.

## C. Applicability of **Booker**

Because Tavares did not raise any objection to his sentence below, his Booker claim is not preserved and he bears the burden of showing plain error.  United States v. Antonakopoulos, 399 F.3d 68, 77 (1st Cir. 2005).  In this context, a defendant must show a "reasonable probability" that the trial judge would have sentenced differently under an advisory guidelines regime. Id. at 79.  Although "we are not inclined to be overly demanding as to proof of probability," the burden remains on the defendant to demonstrate a "reasonable indication that the district judge might well have reached a different result" had the mandatory system not been in place.  United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005).

Tavares emphasizes the statement made by the district judge at the sentencing in response to Tavares' description of his mitigating family and personal circumstances. Indicating a desire to credit Tavares' personal statement, the judge stated, "There is not much I can do, but I will impose a sentence at the mid-point of [the Guidelines] range" instead of the maximum the judge had initially intended to impose.  This

statement is ambiguous: it could be a simple recognition of the constraints the Guidelines then imposed, or it could indicate the judge's view of Tavares' criminal history.  Either way, we do not interpret this statement as indicating a likely different result under advisory Guidelines, especially since no other statement made at the sentencing hearing supports Tavares' position.

In addition, Tavares received a mid-range sentence (108 months from a range of 97-120 months).  This court treats the fact that a defendant was given a middle-of-the-range sentence as one factor, but not the deciding factor, in analyzing whether the Antonakopoulos standard is met.  See United States v. Gonzalez-Mercado, 402 F.3d 294, 304 (1st Cir. 2005) ("When, under a mandatory guidelines regime, a sentencing court has elected to sentence the defendant substantially above the bottom of the range, that is a telling indication that the court, if acting under an advisory guidelines regime, would in all likelihood have imposed the same sentence."). Here, the mid-range sentence is not paired with any persuasive evidence indicating the court might have sentenced differently under an advisory regime.  See United States v. Baskin, __ F.3d __, __ (1st Cir. 2005) (denying Booker remand where defendant was allowed to present mitigating evidence at sentencing hearing, judge imposed mid-range sentence, and nothing else in the record indicated a different outcome would be likely under advisory Guidelines).

## III. Conclusion

The conviction and sentence are **<u>affirmed</u>**.