**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2125

UNITED STATES,

Appellee,

v.

DAVID SANFORD,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Torruella, Selya and Lipez,
Circuit Judges.

Barry S. Pollack, Jill Brenner Meixel and Donnelly, Conroy & Gelhaar, LLP, on brief for appellant.
Margaret D. McGaughey, Appellate Chief, and Paula D. Silsby, United States Attorney, on Motion for Summary Disposition for appellee.

December 28, 2005

**Per Curiam**.  Pursuant to a plea agreement, appellant, David Sanford, Jr., pleaded guilty to conspiracy to interfere with commerce by robbery, possession of a stolen firearm, felon in possession of a firearm, and possession of a controlled substance with intent to distribute.  He now challenges both his conviction and sentence.

Appellant's primary argument is that his guilty plea was involuntary because he ingested three medications for depression and psychosis on the morning he entered his plea.  This claim has been raised for the first time on appeal, so we review for plain error.  See  United States v. Serrano-Beavaix, 400 F.3d 50, 53 (1st Cir. 2005).  As the district judge was made aware of appellant's ingestion during the hearing, the judge was obligated to conduct a more searching inquiry into the contemporaneous effects of the medication on his ability to render a knowing and intelligent plea.  Miranda-Gonzalez v. United States, 181 F.3d 164, 166 (1st Cir. 1999).  The district judge satisfied his duty: he asked appellant on four separate occasions whether he understood the nature of the proceedings, and each time appellant assured the court of his ability to comprehend the proceedings.  Appellant also appeared lucid, confirming his own assurances of competency.  Accordingly, the involuntariness claim fails.

For the same reasons, we find no impediment to concluding that appellant effectively waived his appellate rights during the Rule

11 colloquy. After reviewing the Rule 11 transcript in its entirety, we conclude that the district judge took pains to explain that his right to appeal is circumscribed by his plea agreement, which includes a waiver of appeal provision clearly providing that--subject to an exception discussed below--appellant waives his right to appeal or to challenge his conviction and sentence collaterally. See United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001). We see no miscarriage of justice in enforcing the provision.

However, we will assume, without deciding, that the exception to the appeal waiver provision renders the waiver inapplicable to appellant's claims pursuant to United States v. Booker, 543 U.S. 220 (2005) and pursuant to Shepard v. United States, 125 S. Ct. 1254 (2005). See United States v. Taylor, 413 F.3d 1146, 1151-52 (10th Cir. 2005) (construing a similarly worded exception to an appeal waiver to permit a direct appeal on Booker grounds). Even on that assumption, the appellant does not profit.

As to the Booker claim, appellant argues that the appropriate standard of review is harmless error. We disagree. Although the sentencing judge sua sponte concluded that Blakely v. Washington, 542 U.S. 296 (2004), was inapplicable to appellant's sentence, appellant neither objected to the judge's conclusion, claimed that the guidelines were unconstitutional, nor otherwise raised any error under Blakely or Apprendi v. New Jersey, 530 U.S. 466 (2000).

Thus, the error was not preserved. See United States v. Martins, 413 F.3d 139, 153 (1st Cir. 2005). Accordingly, we apply the plain error standard of United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005), which requires appellant to "point to circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to the defendant under the 'advisory Guidelines' Booker regime." Appellant's primary claim is that there exist mitigating circumstances that the mandatory guidelines either prohibited or discouraged the sentencing judge from considering when he devised the sentence. In particular, appellant points to the numerous sympathetic circumstances he described in his sentencing hearing allocution. He does not bother in his brief, however, to explain how the guidelines minimized the impact of each (or any) of these circumstances. Upon review of the guidelines, it is apparent that, at most, a small fraction of these circumstances were prohibited from consideration for downward departure and may have led the judge to feel that he could not fully consider them when sentencing within the guidelines range. This attenuated possibility surely does not establish a reasonable probability in light of the judge's comments during sentencing. The sentencing judge stated that "the 20-year sentence, as harsh as it is, is necessary to protect society and other people from you and to protect you from yourself." The judge's clear satisfaction with the sentence and

the fact that he selected a point in the middle of the range are sufficient to enable us to conclude that appellant has not sustained his burden. See, e.g., United States v. Baskin, 424 F.3d 1, 4-5 (1st Cir. 2005). For the same reasons, we are not persuaded by appellant's argument that the judge would on remand more fully consider that appellant's codefendant, who played a more crucial role in the crime, received a less substantial sentence.

As to appellant's Shepard claim, he argues that the district court erred when, at sentencing, it relied on incompetent evidence of prior offenses. Even assuming that the Shepard claim survived the waiver of appellate rights provision in the plea agreement, it is nevertheless waived for different reasons. Appellant stipulated elsewhere in his plea agreement to the fact that he was an armed career criminal. Though Shepard articulated a new rule for the manner in which judges can conclude that a defendant has armed career criminal status, appellant accepted the risk that a favorable change in the law would occur after he entered his plea. See United States v. Sahlin, 399 F.3d 27, 31-32 (1st Cir. 2005). In addition, he raised an initial objection as to the factual predicates for the armed career criminal enhancement and later withdrew it. Lastly, he failed to object to any of the judge's fact-finding in connection with the latter's conclusion that the armed career criminal enhancement applied. Accordingly, he has waived his Shepard claim. See Sahlin, 399 F.3d at 31-32; United

-5-

<u>States</u> v. <u>Rodriquez</u>, 311 F.3d 435, 437 (1st Cir. 2002).

Lastly, appellant maintains that "[t]he record reflects inadequate access between [him] and his trial attorney." Generally, claims of ineffective assistance of counsel must originally be presented to the district court as a collateral attack under 28 U.S.C. § 2255. <u>United States</u> v. <u>Colon-Torres</u>, 382 F.3d 76, 84 (1st Cir. 2004). As the record in this case is insufficiently developed, this case does not fall into the exception to the general rule. <u>See</u> <u>id</u>.

Accordingly, we grant the government's motion for summary disposition. <u>See</u> 1st Cir. R. 27(c). We therefore affirm the conviction and sentence.