# United States Court of Appeals
## For the First Circuit

No. 15-1716

UNITED STATES OF AMERICA,

Appellee,

v.

ROBEL KIDANE PHILLIPOS,

Defendant, Appellant.

Before

Howard, <u>Chief Judge</u>,

Torruella, Lynch, Thompson, Kayatta, and Barron. <u>Circuit Judges</u>**.**

**ORDER OF COURT**
**Entered:  August 3, 2017**

Pursuant to First Circuit Internal Operating Procedure X(C), the petition for rehearing en banc has also been treated as a petition for rehearing before the original panel.  The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing en banc be denied.

**THOMPSON**, <u>**Circuit Judge, dissenting from the denial of rehearing en banc.**</u>  In my view, the district court abused its discretion in refusing to hold an evidentiary hearing on Phillipos's motion to suppress his confession.  As a condition of holding an evidentiary hearing in the first place, the district court sought to extract a pre-hearing commitment from Phillipos that he'd testify at the hearing, and the court further ordered that Phillipos would be the first witness to testify at the hearing if one were held.  When Phillipos refused to accept these conditions, the district court declined to hold an evidentiary hearing.  As I see it, this decision is inconsistent with the ironclad rule that the government bears the burden of proof on the voluntariness issue.  In affirming the district court on this point, the majority stretches a prior decision of this court much too far, and I cannot find — and the panel opinion has not identified — any other conceivable support for what the district court did.  Because I fear that the panel's approval of the district court's improper denial of an evidentiary hearing will have a far-reaching impact on the manner in which motions to suppress are considered and decided within this circuit, I respectfully dissent from the denial of rehearing en banc.

# I. Background

Before trial, Phillipos moved to suppress his confession. In support of his motion, he submitted his affidavit, which was signed under the pains and penalties of perjury. He also requested that the district court hold an evidentiary hearing on the suppression motion. And he requested that the court "place the burden of production and persuasion as to the voluntariness of the defendant's statements on the [g]overnment before requiring the defendant to testify at the hearing." Requiring Phillipos to testify first at the evidentiary hearing, he argued, would place "the burden of production on the defendant rather than the government, and requir[e] him to be offensive with evidence rather than defensive. This is unfair because it is the defendant who should be confronting the [g]overnment['s] evidence, not the other way around."

The district court declined to hold an evidentiary hearing on Phillipos's motion. Because of the court's "lingering concern" that, "over the years," the defense bar has employed motions to suppress to "obtain[] discovery that the parties are not properly entitled to," it indicated that it would hold an evidentiary hearing only if Phillipos agreed to the court's unique order of proof. Although the court concluded that the allegations in Phillipos's affidavit were sufficient to create the necessary genuine factual dispute to trigger the need for an evidentiary hearing, it nevertheless concluded that the affidavit alone was not enough. Based on "what appear[ed] to be ambivalence, perhaps, on the part of [Phillipos], the suggestion that, while [his] affidavit[] [is] sufficient, [he has] not decided whether to testify," the court reasoned that, if Phillipos did not testify at the evidentiary hearing, then his affidavit is "absolutely illusory" and "a bait and switch."

To combat this perceived danger, the district court ordered that the evidentiary hearing would proceed as follows: (1) Phillipos would first testify on direct examination; (2) then, if his testimony "raise[d] the question [of voluntariness] sufficiently," the government would produce its evidence of voluntariness; and (3) finally, if the government's evidence was sufficient to ground a finding of voluntariness, the government would be permitted to cross-examine Phillipos. After proposing this unique procedure, the court then sought to extract a commitment from Phillipos to testify at the hearing.

Phillipos objected to the procedure proposed by the district court, arguing that, because the government bears the burden of proof on the issue of whether Phillipos's confession was voluntary, the government should be forced to first go forward with its evidence at the evidentiary hearing and only then, after the government rested, should Phillipos need to decide whether to take the stand. The district court remained steadfast in its position, and, when Phillipos was unwilling to make a pre-hearing commitment to testify, the district court refused to hold an evidentiary hearing.

## II. No Support for Refusal to Hold an Evidentiary Hearing

Everyone agrees that Phillipos was entitled to a hearing on his motion to suppress only if he made "a sufficient threshold showing that material facts are in doubt or dispute, . . . that such facts cannot reliably be resolved on a paper record," and "that there are factual disputes, which, if resolved in his favor, would entitle him to the requested relief." United States v. Cintron, 724 F.3d 32, 36 (1st Cir. 2013) (quoting United States v. Francois, 715 F.3d 21, 32 (1st Cir. 2013)); see also United States v. Jiménez, 419 F.3d 34, 42 (1st Cir. 2005); United States v. Staula, 80 F.3d 596,

603 (1st Cir. 1996). The district court in this case concluded that, if the allegations in Phillipos's affidavit were credited, this standard would have been met, see United States v. Phillipos, 849 F.3d 464, 468 (1st Cir. 2017), and the panel opinion does not purport to disagree with the district court's assessment on this score, so neither will I. Therefore, all agree that Phillipos was entitled to an evidentiary hearing if the district court improperly disregarded his affidavit.

The panel opinion relies on our decision in United States v. Baskin, 424 F.3d 1 (1st Cir. 2005), to support its conclusion that the district court did not abuse its discretion in removing Phillipos's affidavit from the equation. See Phillipos, 849 F.3d at 469. In my view, Baskin is cut from entirely different cloth than our case.

For starters, in Baskin, unlike in this case, the district court held an evidentiary hearing. 424 F.3d at 3. To be sure, the panel opinion acknowledges this difference between Baskin and this case, but it nonetheless concludes that Baskin supports the district court's refusal to consider Phillipos's affidavit. See Phillipos, 849 F.3d at 469. I cannot subscribe to this conclusion.

In Baskin, the defendant testified at the evidentiary hearing on direct examination. It was only when the defendant invoked his Fifth Amendment right against self-incrimination and refused to answer the government's cross-examination questions that the district court struck his affidavit. 424 F.3d at 3. The decision to strike the affidavit was viewed by this court as a matter of "discretionary selection of remedy" for a witness's gamesmanship. Id. As we explained, "[a] trial judge may strike a witness's direct testimony if he flatly refuses to answer cross-examination questions related to the details of his direct testimony, thereby undermining the prosecution's ability to test the truth of his direct testimony." Id. (internal quotation marks omitted) (quoting United States v. Bartelho, 129 F.3d 663, 673 (1st Cir. 1997)).

Phillipos's case, by contrast, is very different. He was not attempting to testify only on direct examination without subjecting himself to cross-examination; he was not even attempting to testify at all. Instead, he was simply trying to meet his initial burden under our case law to demonstrate the existence of a factual dispute necessitating an evidentiary hearing, leaving the decision of whether to testify at the hearing until after the government attempted to meet its burden of proof on the issue of voluntariness.

It is one thing to say that, when a hearing is held and a defendant takes the stand but refuses to be subject to cross-examination after completion of his testimony on direct examination, the court can strike from the record the evidence that has been improperly shielded from cross-examination. It seems to me something completely different to say that, when assessing whether a defendant has met his initial burden to show a factual dispute entitling him to an evidentiary hearing, the district court can refuse to consider an affidavit — signed under the penalties of perjury — and decline to hold any evidentiary hearing in the first place simply because the defendant is not prepared, then and there, to commit to taking the stand. At the very least, nothing in Baskin — which has nothing to do with the standard for obtaining an evidentiary hearing — or any of the other cases cited by the government or in the panel opinion suggests that a defendant's affidavit suffices to meet our evidentiary-hearing standard only when the defendant makes a pre-hearing commitment to testify at the hearing. Cf. United States v. Schaefer, 87 F.3d 562, 570 (1st Cir. 1996) (explaining that "a judge presiding at a suppression hearing may receive and consider

any relevant evidence, including affidavits and unsworn documents that bear indicia of reliability" and concluding that "the government effected a prima facie showing of consent by placing a copy of the police report before the court").

Moreover, the existence of a hearing is not the only critical difference between Baskin and this case. The only issue with which this court was concerned in Baskin was whether the defendant had standing to challenge the officers' warrantless entry into a motel room.[1] See 424 F.3d at 3. A defendant bears the burden of establishing his or her standing to challenge an unlawful search. United States v. Stokes, 829 F.3d 47, 51 (1st Cir. 2016) ("Under what is known as the 'standing' doctrine, the defendant carries the burden of making a threshold showing that he has 'a reasonable expectation of privacy in the area searched and in relation to the items seized.' . . . 'This burden must be carried at the time of the pretrial hearing and on the record compiled at that hearing.'" (quoting United States v. Aguirre, 839 F.2d 854, 856 (1st Cir. 1988))). And, in Baskin, the only evidence the defendant offered to support his standing to mount the Fourth Amendment challenge was contained in his affidavit. 424 F.3d at 3. When the defendant, after testifying on direct, refused to answer the government's questions on cross-examination, the district court struck his affidavit. Id. And, because the defendant had "offered no other evidence" to shoulder his burden to establish standing, he "failed to establish any ground for asserting a Fourth Amendment right." Id.

In this case, by contrast, Phillipos moved to suppress his confession on the ground that it was not voluntary. Unlike on the question of Fourth Amendment standing, "[t]he burden of proof is on the prosecution to show by a preponderance of the evidence to the judge that the confession was voluntary."[2] United States v. Feliz, 794 F.3d 123, 130 (1st Cir. 2015). Therefore, although Baskin might support a requirement that the defendant agree to testify consistently with his affidavit when the affidavit concerns a matter on which the defendant bears the burden of proof,[3] it offers no support for the district court's requirement in this case that a defendant who did not bear the burden of proof make a pre-hearing commitment to testify (and testify first).

Taken together, the two critical differences between this case and Baskin convince me that that case provides no support for what the district court did here: conditioning the decision whether to hold an evidentiary hearing concerning an issue for which the government bears the burden of proof on a defendant's pre-hearing commitment to testify. The panel opinion does not identify any other authority to support the district court's decision to disregard Phillipos's affidavit, and I too

---

[1] I use the term "standing" here in the interest of brevity. See United States v. Sowers, 136 F.3d 24, 26 n.2 (1st Cir. 1998) ("Although use of the term standing in this context may offend a legal purist, we have employed that word as a shorthand method of referring to the issue of whether the defendant's own Fourth Amendment interests were implicated by the challenged governmental action." (internal quotation marks omitted)).

[2] Although the panel opinion acknowledged that the constitutional basis for suppression in Baskin (the Fourth Amendment) differed from that invoked by Phillipos (the Fifth Amendment), see Phillipos, 849 F.3d at 469, it failed to acknowledge the difference in the party bearing the burden of proof on the issue to which the affidavit was directed.

[3] I emphasize "might" here because — it bears repeating — Baskin did not address our standard for the showing necessary to obtain an evidentiary hearing in the first place.

have found none. None of our cases on the need to show an entitlement to an evidentiary hearing suggests the defendant also needs to commit to testifying — let alone to agreeing to be the first witness to testify at the hearing. See, e.g., Jiménez, 419 F.3d at 43 (holding that district court did not abuse its discretion in refusing to hold second evidentiary hearing where "[t]he district court had already heard evidence at the previous evidentiary hearing about the [relevant] circumstances" and could "therefore reach a determination about voluntariness without the need for additional evidence"); Staula, 80 F.3d at 603-04 (affirming refusal to hold evidentiary hearing because, even if defendant's affidavit was accepted as true, it did not create factual dispute concerning key issue of when officer first smelled marijuana).

Indeed, we've even found a district court's refusal to hold an evidentiary hearing to be an abuse of discretion where, as here, a defendant's affidavit created the requisite dispute of material fact. See United States v. D'Andrea, 648 F.3d 1, 3, 8 (1st Cir. 2011). In that case, the government sought to justify a warrantless viewing of photographs in a password-protected website on the basis of the private-search doctrine, among other grounds. Id. at 6. The critical issue posed by the application of that doctrine to the facts of D'Andrea was how the anonymous tipster obtained the account access information that she later disclosed to law enforcement. See id. at 8. We held that an evidentiary hearing was required because, among other reasons, there was a dispute as to whether the defendants shared the access information with the tipster. Id. We noted that "both defendants affirmed in sworn affidavits that they did not share the password with anyone." Id. The need for an evidentiary hearing was based on the affidavits themselves; nothing in that decision suggested that the need for the hearing depended on defendants' pre-hearing commitment to testify consistently with their affidavits.

To be sure, if, as was the case here, a defendant's affidavit establishes the need to hold an evidentiary hearing and if, after the government presents sufficient evidence of voluntariness, the defendant refuses to testify or present any evidence besides his or her affidavit, the district court is not required to accept the affidavit into evidence.[4] To the contrary, at this point, the district

---

[4] A criminal defendant's decision to take the stand at a suppression hearing is not one that should be undertaken lightly. Although the government cannot use a defendant's suppression-hearing testimony as evidence of the defendant's guilt at trial, see United States v. Simmons, 390 U.S. 377, 390, 394 (1968); United States v. Symonevich, 688 F.3d 12, 21 n.6 (1st Cir. 2012), such pretrial testimony can be used to impeach a defendant's testimony at trial, United States v. Smith, 940 F.2d 710, 713 (1st Cir. 1991). See United States v. Jaswal, 47 F.3d 539, 543-44 (2d Cir. 1995) (holding that defendant's suppression-hearing testimony can be used to impeach defendant's testimony at trial); United States v. Beltran-Gutierrez, 19 F.3d 1287, 1289-91 (9th Cir. 1994) (same); United States v. Quesada-Rosadal, 685 F.2d 1281, 1283 (11th Cir. 1982) (same); see also United States v. Geraldo, 271 F.3d 1112, 1116 (D.C. Cir. 2001) (suggesting same); cf. United States v. Salvucci, 448 U.S. 83, 93-94 & nn.8-9 (1980) (explaining that Court "has not decided whether Simmons precludes the use of a defendant's testimony [at a suppression hearing] to impeach his testimony at trial," while simultaneously noting that "[a] number of courts considering the question have held that such testimony is admissible as evidence of impeachment" and that "[t]h[e] Court has held that 'the protective shield of Simmons is not to be converted into a license for false representations'" (quoting United States v. Kahan, 415 U.S. 239, 243 (1974))).

court has discretion to strike or refuse to consider the affidavit.  See, e.g., United States v. Riney, 742 F.3d 785, 787 (7th Cir. 2014) (defendant supported his motion to suppress with his affidavit, which contradicted officers' version of events; evidentiary hearing was held; when defendant refused to testify, court refused to admit affidavit into evidence, such that "[n]one of the evidence offered at the hearing supported the version of events presented in [defendant's] affidavit"); United States v. Maldonado-Rivera, 922 F.2d 934, 972 (2d Cir. 1990) ("in support of his contention that he had been coerced into making the statements," defendant relied upon affidavit of his attorney and "unsworn and unsigned 'declaration[s]' by his wife and himself"; evidentiary hearing was held; when defendant refused to testify, district court "properly declined to credit the attorney's affidavit because it was not based on the attorney's personal knowledge and declined to credit the 'declaration[s]' because they were not sworn to or even signed").[5]

In my view, the district court's discretion to strike or refuse to consider the defendant's affidavit if he ultimately elects not to take the stand during the evidentiary hearing is more than enough to combat the problem of "illusory" defense affidavits perceived by the district court.  The more drastic step of securing a pre-hearing commitment from the defendant that he will testify and ordering him to do so at the outset of the hearing is overkill that, as far as I can tell, has no basis in our law.

So there we have it:  Neither the only case cited by the panel opinion nor any other case unearthed by the government or the panel supports what the district court did.  As I see it, that alone warrants reconsideration of this aspect of the panel opinion.  But there's more cause for concern.

---

The district court recognized this concern, but it thought that deferring cross-examination until after the government presented sufficient evidence of voluntariness was an adequate safeguard.  I disagree.  Because the decision whether to testify at a suppression hearing is a weighty one, it is imperative that a defendant not be forced to make that decision — in this context where the government bears the burden of proof — before hearing the government's evidence on the issue of voluntariness.  The district court's approach, by contrast, would force defendants to commit to testifying before hearing the government's evidence and even though that evidence might turn out to be insufficient to carry the government's burden, in which case the defendant's testimony would be unnecessary.

[5] Indeed, until the panel opinion in this case, that's precisely how district courts within this circuit have interpreted Baskin.  See, e.g., United States v. Cabral, 965 F. Supp. 2d 161, 167-68 (D. Mass. 2013) (recognizing court's discretion under Baskin to strike affidavit if, during the suppression hearing, defendant elects not to testify, but declining to exercise that discretion in the circumstances); United States v. Ramos, 591 F. Supp. 2d 93, 113-14 (D. Mass. 2008) (same); United States v. Sanchez, 535 F. Supp. 2d 216, 218, 224 n.8 (D. Mass. 2008) (same); cf. United States v. Deleston, No. 15-cr-113(PKC), 2015 WL 4745252, at *5 (S.D.N.Y. July 24, 2015) (noting that, in that jurisdiction, "a defendant is required to submit a sworn affidavit in order to obtain a suppression hearing.  Having served this purpose, the affidavit effectively drops from sight, since it is rarely, if ever, considered by a judge in assessing the evidence at the suppression hearing" and citing Baskin to support court's authority to strike affidavit if, during the evidentiary hearing, the defendant refuses to testify (quoting United States v. Polanco, 37 F. Supp. 2d 262, 264 & n.4 (S.D.N.Y. 1999))).

### III.    Conflating Distinct Burdens

I'm persuaded by Phillipos's argument that the district court's take-it-or-leave-it proposition — that, if Phillipos wanted an evidentiary hearing, he'd need to be the first witness to take the stand — improperly shifted the burden of proof on the voluntariness inquiry.  In my view, the district court impermissibly conflated two distinct burdens: the initial burden to show the existence of a factual dispute warranting an evidentiary hearing, which rests with a defendant, and the burden of production at the evidentiary hearing, which rests with the government in the voluntariness context.  See 3 Wayne R. LaFave et al., Criminal Procedure § 10.1(b) (4th ed. 2016) [hereinafter LaFave] (distinguishing the requirement that a defendant making a suppression motion "set out facts in support of the motion" from the separate "question whether it is wise to impose upon the defendant the initial burden of going forward with the evidence at the suppression hearing").  The government's burden of proof on the voluntariness of the confession

> actually encompasses two separate burdens.  One burden is that of producing evidence, sometimes called the "burden of evidence" or the "burden of going forward." . . . The other burden is the burden of persuasion, which becomes crucial only if the parties have sustained their respective burdens of producing evidence and only when all evidence has been introduced.

Id. § 10.3(a); see also id. § 10.3(c) ("When the issue at a suppression hearing is whether a confession obtained from the defendant was voluntary, most jurisdictions place the burdens of production and persuasion upon the prosecution." (footnote omitted) (emphasis added)).

In this case, the district court ordered that Phillipos would testify first at the suppression hearing.  In doing so, it undeniably placed the burden of production — the burden of going forward — on Phillipos.  It explained that it would "put the [g]overnment to its proof" if and only if Phillipos's testimony was "sufficient."  Such an allocation of the burden of production may be appropriate where the defendant bears the burden of proof on an issue.  See id. § 10.3(a) ("[A]llocation of the burden of going forward may be of greater significance. . . . [I]f the defendant has the burden of going forward he must often take the stand first and tell 'his side of the story.'").  But it is, in my view, inappropriate where, as here, the government bears the burden of proof.

I am of the opinion that the district court's assignment of the burden of going forward to the wrong party is an error of law and, therefore, constituted an abuse of discretion.  See Phillipos, 849 F.3d at 468 ("[A]n error of law is always tantamount to an abuse of discretion."  (quoting Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008))).

Perhaps as a fallback, the government notes — without extended discussion — that "[f]ederal district judges enjoy broad discretion in respect to the ordering and presentation of proof and the handling of evidentiary questions."  (Quoting United States v. Holmquist, 36 F.3d 154, 163 (1st Cir. 1994).)  That's true as far as it goes, but it doesn't take the government very far in this case.  While district courts undeniably possess discretion on order-of-proof determinations, that discretion has limits: "a trial court's authority to regulate the order of proof does not include the power to shift the burden of proof."  Morales Feliciano v. Rullán, 378 F.3d 42, 57 (1st Cir. 2004).  The district court's impermissible shift of the burden of production from the government onto the

defendant therefore cannot be upheld as a permissible exercise of the discretion to regulate the order of proof.[6]

## CONCLUSION

The district court's refusal to hold an evidentiary hearing is supportable only if the court properly declined to consider Phillipos's affidavit. But the decision to cast aside the affidavit was improper, resting, as it did, on the court's mistaken view that the need to show a factual dispute to obtain a hearing also required Phillipos's pre-hearing commitment to testify. This conclusion was not just entirely unsupported by our case law, but it also improperly conflated two distinct burdens. This error of law amounts to an abuse of discretion.[7]

But the damage done by the panel opinion is not limited to Phillipos's case. Instead, any time a defendant moves to suppress his or her confession, a district court within this circuit can insist that, if the only basis for a factual dispute is the defendant's affidavit disputing the officer's version of events (as it most always will be in the confession context), the defendant make a pre-hearing commitment to testify as a condition for holding the hearing. The result, I fear, will be that defendants will often be deprived of evidentiary hearings on the voluntariness of their confessions, even though the admission of an involuntary confession is a clear-cut violation of due process, see Jackson v. Denno, 378 U.S. 368, 376 (1964), and even though there's no basis in our law (other than the panel opinion in this case, that is) for insisting that the defendant commit to testifying at an evidentiary hearing on a motion to suppress a confession. Therefore, in my view, this case presents "a question of exceptional importance" that calls for rehearing en banc. Fed. R. App. P. 35(a)(2). I respectfully dissent from my colleagues' decision to the contrary.

---

[6] Our decision in Morales Feliciano is not to the contrary. In that case, which arose in the very different context of an evidentiary hearing on a motion to terminate prospective relief under the Prison Litigation Reform Act, we discerned no abuse of discretion in the district court's decision to order one party to present his proof first because the court already "had before it a full evidentiary record, developed over many years, together with a cache of periodic reports as to progress under the consent decree," and "[t]his plethoric evidence was sufficient, if unrebutted, to support a finding that constitutional violations endured." 378 F.3d at 57. "With this in mind," we reasoned, "it was sensible for the court to invite the Secretary to offer evidence to the contrary." Id. To cinch matters, "[i]n its subsequent review of the evidence, the court said nothing that indicated any misunderstanding as to where the burden of proof rested." Id.

In this case, by contrast, the government had not yet presented the district court with any evidence to satisfy its burden of proving that Phillipos's confession was voluntary, and what the district court did — conditioning the decision to hold an evidentiary hearing on Phillipos's acceptance of the government's burden of production and his pre-hearing commitment to testify — improperly shifted the burden from the government to Phillipos.

[7] An erroneous refusal to hold an evidentiary hearing on a suppression motion can warrant reversal of a defendant's conviction. See, e.g., D'Andrea, 648 F.3d at 3, 14-15 & n.18 (vacating defendants' convictions for failure to hold an evidentiary hearing on the suppression motions); cf. United States v. Burger, 739 F.2d 805, 808-09 (2d Cir. 1984) (vacating defendant's conviction where, although evidentiary hearing was held, district court "improperly placed the burden of proving involuntariness and the lack of a valid [Miranda] waiver on the defendant").

By the Court:
/s/ Margaret Carter, Clerk

cc:
Hon. Douglas P. Woodlock
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Derege B. Demissie
Susan Brooks Church
Robel Kidane Phillipos
John A. Capin
Dina Michael Chaitowitz
B. Stephanie Siegmann
Randall Ernest Kromm
Jonathan M. Albano
John H. Cunha Jr.
Daniel Volchok
John Reinstein
Nancy Gertner